Cranch, C. J.,
delivered the opinion of the Court
(Thruston, J., absent,)
as follows :
The declaration, in this case, contains four counts; one of which is for money had and received; the other three are special counts, setting forth the special circumstances, and averring a resulting liability on the part of the defendants to pay the amount of the prize.
The counsel for the defendant, after stating the evidence and testimony prayed the opinion and instruction of the Court to the jury, that if they “find the said evidence so offered on the part of the, defendants to be genuine and true as above stated, and that the lottery ticket in the declaration mentioned and offered in evidence as aforesaid, was sold to the plaintiff by the said Gillespie, as the purchaser of the said lottery and for his own account, and risk, the evidence so offered on the part of the plaintiff, is not admissible, competent, and sufficient to charge the defendants in this action.”
This prayer involves two questions.
1st. Is the plaintiff’s evidence admissible notwithstanding the defendants’ evidence ?
2d. Is it sufficient to support the action notwithstanding the defendants’ evidence, and notwithstanding the fact that the ticket was sold to the plaintiff by the said Gillespie as the purchaser of the lottery and for his own account and risk ?
*503 1. Upon the first question we can see no valid objection to the admissibility of the plaintiff’s evidence. It consists of Acts of Congress; by-laws and resolutions of the corporate government of the city of Washington; the acts of the managers appointed under those by-laws; the scheme of the lottery; the advertisement of that scheme; the ticket which drew the prize in question ; sundry depositions proving the purchase and lawful possession of the ticket by the plaintiff; the manager’s official list of prizes, showing that that ticket drew the prize of $100,000 ; and the letters of the plaintiff and his agent demanding payment of the prize from Gillespie, and from the mayor of the city, and their refusal to pay it; and the testimony of Mr. Webb, who was admitted to be a competent witness.
There seems to be nothing, in the nature of this evidence, to render it inadmissible; and if the declaration sets forth a good cause of action, this evidence tends to support it, and therefore seems to be admissible.
If the plaintiff’s evidence, by itself, is admissible, we do not see how it can be rendered inadmissible by any evidence which the defendants can offer. The defendants’ evidence may counteract the plaintiff’s, but cannot render it inadmissible.
2. The second question is, whether, if the jury should find that the ticket was sold to the plaintiff, by Gillespie as the purchaser of the lottery, and for his own account and risk, the plaintiff’s evidence is sufficient to support his action, notwithstanding the defendants’ evidence.
The principal question, upon this branch of the prayer, as we understand it, is, whether the plaintiff can recover in this action, if the jury should be satisfied that Gillespie sold the tickets in his character of purchaser of the lottery with all its benefits and responsibilities, and the sales were for his own benefit and he was to receive the proceeds thereof to his own use, and not as agent of, or for the use of, the corporation, although the jury should be also satisfied, by the evidence, that the plaintiff, at the time of purchasing the ticket, did not know thqt Gillespie was selling it in the character of purchaser of the lottery as aforesaid, but, in fact, believed he wms selling it in the character of agent for the managers, and was led to that belief by the declarations and acts of the managers themselves as well as of Gillespie.
This leads to the question, upon what grounds can the defendants be made liable in this action ?
Their liability must be the consequence of an undertaking, either express or implied. If the undertaking be express, it must be by some corporate act, or by the intervention of some agent authorized to bind them to such an undertaking. No corporate *504 act is shown by which they have expressly undertaken to pay this prize ; nor is there evidence of any authority given by the corporation, to any agent, so to bind it. If there be an implied undertaking on the part of the corporation to pay the prize, it must result from some equitable principle of the common law. But what equitable principle is there that will oblige a party to pay money without a valuable consideration ? The corporation have received no valuable consideration for such an undertaking. It is true that they received $100,000 from Gillespie ; but that was for the license to draw the lottery ; which license they were empowered by the Act of Congress, to grant. The receipt of that sum of money was no consideration as between the defendants and the plaintiff, upon which the law will raise an assumpsit to the extent of the plaintiff’s claim. An implied assumpsit can only be coextensive with the consideration. If the defendants had received the money arising from the sales of the tickets, they would have received the fund out of which the prizes were to be paid, and would therefore have received money to the plaintiff’s use, and the law would raise an implied assumpsit, on the part of the defendants to pay it.
Whether the defendants did, in law, receive the proceeds of the sales of the tickets, may depend upon the question whether Gillespie acted as the agent of the corporation, and received them to its use, and for its benefit; or whether he received them to his own use as the purchaser of the whole lottery. This question of fact is, by the instruction prayed, left open for the consideration of the jury.
Mr. Gillespie may have been the agent of the managers to conduct the drawing, yet if he was not the agent of the corporation in the receipt of the proceeds of the sales of the tickets, but received them to his own use, as the purchaser of the whole lottery, the corporation cannot be considered, in law, as having received them.
We do not think it necessary to say more upon the construction of the ticket, than that it does not import an express undertaking, by the corporation, to pay or to guarantee the payment of the prizes.
Upon the whole, the Court is of opinion (hat the plaintiff’s evidence is admissible, notwithstanding the defendants’ evidence; but that if the jury should find that the evidence so offered as aforesaid on the part of the defendants is genuine and true as stated, and that the lottery ticket, in the declaration mentioned and offered in evidence as aforesaid, was sold to the plaintiff, by the said Gillespie as the purchaser of the said lottery, and for his own account and risk, the evidence so offered on the part of the plaintiff is not sufficient to charge the defendants in this action.
The Court refused to instruct the jury, as prayed by Mr. *505 Jones, that upon the whole evidence in the cause, the plaintiff ■was not entitled to recover ; but upon the further prayer of Mr. Jones, instructed the jury, in substance, that if they should find, from the evidence that the lottery was sold to Gillespie, (as stated in the testimony of Mr. Webb,) and that he sold his ticket to the plaintiff, and received the purchase-money therefor, and for all the other tickets in the said lottery, to his own use and benefit, then the plaintiff cannot recover upon the said evidence.
Verdict for plaintiff, $35,000 and interest from 17th March,-1823.
The defendant moved for a new trial, which the Court granted. And at April term, 1825, a case was agreed, upon which the Court rendered judgment for the defendant; which was reversed by the Supreme Court. 12 Wheaton, 40.